IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTOPHER DENKLER**
**and KRISTIN DENKLER**                                                              **PLAINTIFFS**

**v.**                                                        **CAUSE NO. 1:19cv835-LG-RPM**

**GLEN ALEXANDER**                                                                   **DEFENDANT**

### MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF TIM CORBITT

**BEFORE THE COURT** is Defendant Glen Alexander's [33] Motion to Exclude Expert Testimony of Tim Corbitt. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Alexander's Motion to Exclude should be granted.

### BACKGROUND

This lawsuit arose out of an August 18, 2017 motor vehicle accident on Highway 603 in Kiln, Mississippi. At the time of the accident, Alexander was driving a 1995 Volvo Integral truck tractor that was pulling a log trailer, and Plaintiff Christopher Denkler was operating a 2011 Yamaha FZ8 motorcycle. According to the Complaint, Denkler and Alexander were traveling South on Highway 603, with one car in between them. Alexander slowed considerably and turned on his truck's right turn signal. Denkler began to pass Alexander and the car traveling between them, when Alexander turned left in front of Denkler. Denkler attempted to stop, but he was thrown off his motorcycle. The motorcycle

struck Denkler and then proceeded down the highway before becoming wedged under the tires of Alexander's trailer. Denkler and his wife Kristin have sued Alexander, alleging negligence. The Denklers also sued the owner of the truck, Paulette Henley d/b/a Henley Construction, but the Denklers voluntarily dismissed their claims against Henley after Henley's death.

The Denklers have designated Tim Corbitt as an expert in the field of accident reconstruction. Alexander has filed the instant Motion to Exclude Corbitt's proposed testimony and opinions. In support of these opinions, Corbitt cites the Mississippi Professional Driver's Manual's instructions to check mirrors regularly, particularly during turns and while driving in close quarters, as well as instructions to signal well before turning. (*Id.* at 7).

## DISCUSSION

The party offering the proposed expert has the burden of proving by a preponderance of the evidence that the expert's proffered testimony satisfies Rule 702 of the *Federal Rules of Evidence*. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002). Rule 702 provides that an expert witness "who is qualified as an expert by knowledge, skill, experience, training, or education" may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Therefore, "expert testimony is admissible only if it is both relevant and reliable." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). To be reliable, an expert's opinions must be based on sufficient facts or data and must be the product of reliable principles and methods. Fed. R. Evid. 702(b), (c).

In his expert report, Corbitt gave the following opinions that are relevant to the pending Motion:

> 7. Mr. Alexander failed to properly signal his intent to turn left. By utilizing a right turn signal, traffic approaching from the rear assumes that the vehicle will turn right . . . .
>
> 8. Mr. Alexander failed to maintain a proper lookout and check his mirror prior to executing his turn and failed to recognize the passing motorcycle approaching on his left side.

(Def.'s Mot. Ex. B, at 8-9, ECF No. 33-2). The Denklers argue that Corbitt's opinions are inadmissible legal conclusions. In addition, they assert that the opinions are irrelevant, unreliable, and should be excluded as prejudicial pursuant to Fed. R. Evid. 403.

Corbitt's opinion concerning failure to properly signal a turn is not helpful and therefore not relevant. The jury can determine on its own whether signaling a right turn before making a left turn constitutes failure to properly signal a turn. *See, e.g., Keyes v. Techtronic Indus. Factory Outlets, Inc.*, No. 3:18-CV-671-DPJ-FKB, 2020 WL 5592694, at \*2 (S.D. Miss. Aug. 4, 2020) (excluding an expert's

opinions because the jurors were capable of examining the evidence and reaching their own conclusions about what happened to cause the plaintiff's injuries); *Clark v. Lard Oil Co., Inc.*, No. 2:18-CV-00109-KS-MTP, 2019 WL 4346544, at *4 (S.D. Miss. Sept. 12, 2019) (excluding expert whose opinions were "well within the purview of the jury's common experience and knowledge"); *Facille v. Madere & Sons Towing, Inc.*, No. CV 13-6470, 2014 WL 12719079, at *4 (E.D. La. Nov. 26, 2014) (excluding expert where the proffered testimony "concern[ed] common sense issues with which the fact finder needs no expert assistance"). As a result, Corbitt's opinion concerning failure to properly signal a turn must be excluded.

As for Corbitt's opinions that Alexander failed to keep a proper lookout and check his mirrors, Corbitt does not cite any testimony regarding whether Alexander checked his mirrors prior to turning. Corbitt performed calculations that resulted in an opinion that Denkler's motorcycle would have been visible in Alexander's mirror for 3.8 to 4.15 seconds before the accident occurred. (*Id.* at 8). However, these calculations seem to include some of the time after Alexander had started his turn, while Denkler was skidding in an attempt to avoid striking Alexander's truck and trailer. Corbitt does not state whether Alexander could have avoided the accident if he saw Denkler in his mirror after Denkler began to skid. Moreover, Corbitt appears to assume that Alexander did not check his mirrors or otherwise keep a proper lookout because Alexander did not see Denkler before turning left.

"[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by

the ipse dixit of the expert." *Keyes*, No. 3:18-CV-671-DPJ-FKB, 2020 WL 5592694, at *2 (S.D. Miss. Aug. 4, 2020) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). As the Fifth Circuit has explained,

> To determine whether proffered testimony is reliable, the trial court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Ultimately, the trial court must also find an "adequate fit between the data and the opinion proffered."

*Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 535 (5th Cir. 2013) (quoting *Daubert*, 509 U.S. at 592-93; *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)).

Corbitt's opinion that Alexander failed to keep a proper lookout and check his mirrors before turning are speculative and conclusory, and therefore, unreliable. Therefore, Alexander's Motion to exclude this opinion must be granted.

## CONCLUSION

For the foregoing reasons, the Court finds that Corbitt's opinions that Alexander failed to properly signal his turn, failed to keep a proper lookout, and failed to check his mirrors should be excluded.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Glen Alexander's [33] Motion to Exclude Expert Testimony of Tim Corbitt is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 26th day of October, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE